[Cite as *State v. Gaskins*, 2012-Ohio-2699.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 4 |
| | ) | |
| ROGER GASKINS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Mahoning County
Area Court #5, Mahoning County, Ohio
Case No. 10CRB371

JUDGMENT:      Reversed
Conviction vacated

APPEARANCES:
For Plaintiff-Appellee      Attorney Mark R. Fortunato
3296 Stones Throw Avenue
Poland, Ohio 44514

For Defendant-Appellant      Roger Gaskins, Pro-se
143 S. Elm Street
Columbiana, Ohio 44408

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: June 12, 2012

DONOFRIO, J.

{¶1}  Defendant-appellant, Roger Gaskins, appeals from a Mahoning County Area Court #5 judgment affirming his conviction for failing to comply with the City of Canfield Property Maintenance Code.

{¶2}  Appellant owns rental property in the City of Canfield at 22 Hood Drive. On June 20, 2010, Joseph Warino, the City Manager, issued a citation stating that appellant violated the city's property maintenance code ordinance "by allowing conditions of exterior property areas [to] deteriorate the appearance of the neighborhood."  Exactly when appellant received this notice is not entirely clear.

{¶3}  The matter proceeded in the Mayor's Court.  The Mayor found appellant guilty of the alleged violation.

{¶4}  Appellant appealed the Mayor's decision to the trial court.  There he argued that the city failed to provide him with notice of the alleged violation.

{¶5}  The matter proceeded to a de novo trial.  The court found that the city provided appellant with proper notice as to the existence of the alleged property maintenance code violation and that appellant's wife provided appellant's residential address to the city where further notice was sent.  As such, the court found that the city was entitled to assess the lawn cutting costs against appellant's Hood Drive property.  It ordered that upon the city's recoupment of the lawn cutting costs, the underlying minor misdemeanor citation would be dismissed.

{¶6}  Appellant filed a timely notice of appeal on January 3, 2011.

{¶7}  Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE U.S. AND OHIO CONSTITUTIONS BY FINDING THAT THE CITY OF CANFIELD HAD ISSUED THE PROPER NOTICE REQUIRED TO SUBJECT THE DEFENDANT-APPELLANT TO THE REQUIREMENTS OF THE CITY'S PROPERTY MAINTENANCE ORDINANCE.

{¶8}  Canfield City Ordinance 1387.21, titled "NOTICE OF VIOLATION:

LEGAL SERVICE," provides in pertinent part:

> (a) Whenever the City Manager or other designated official finds any dwelling structure or premises, or any part thereof, to be in violation of the provisions of this Code, the City Manager or other designated official shall give or cause to be given or mailed to the owner, agent or operator of such structure or premises a written notice stating the violation. Such notice shall order the owner, agent or operator within the stated reasonable time but not less than five days, to repair or improve the structure or premises concerned. Such delivery or mailing shall be deemed legal service of notice. Upon receipt of a written objection within the stated time period, the City Manager or other designated official may extend the time for compliance until such objection has been considered. In the event of non-compliance after five days, or any extension thereof granted by the City Manager, the City may pursue remedial action * * *.

> (b) *If the owner or other person having charge of the land is a nonresident of the City whose address is known, the notice shall be sent to that address by certified mail.* If the address of the owner or other person having charge of the land is unknown, it is sufficient to publish the notice once in a newspaper of general circulation in the County. (Emphasis added.)

{¶9} Appellant argues that because he does not reside within the Canfield city limits, the City Manager was required to serve him notice by certified mail. He states that his residence, while it does have a Canfield mailing address, is outside the city limits. He claims that he did not receive proper notice. Had he received proper notice, appellant states, he would have cut his grass immediately. Instead, he claims he was denied the opportunity to rectify the problem with the Hood Drive grass and

was instead subject to the instant case against him.

**{¶10}** Appellant further argues that the City Manager's notice that was sent to "Amanda Gaskins" at his Lisbon Street address was not sufficient. First, he points out that the notice must be sent to the property owner or to a person having charge of the property. He states that his wife, Amanda Frost, neither owns nor is in charge of the Hood Drive property. Second, he notes that the notice was not sent by certified mail. And third, he points out that the City Manager testified the notice was sent to Amanda Gaskins on the same day that he sent the crew to mow the grass, thereby depriving appellant of the opportunity to remedy the situation.

**{¶11}** Pursuant to the city's ordinance, if the owner of the property at issue resides outside the city limits, the City Manager must give notice of a citation by either certified mail or publication. If the owner resides within the city limits, notice may be sent by regular mail.

**{¶12}** As to the issue of service of the citation, City Manager Joseph Warino stated that he first sent a letter to 22 Hood Drive, but there was no response. (Tr. 8). Warino stated that he waited approximately one month and then dispatched a crew to cut the grass. (Tr. 8). That same day, Warino stated, appellant's wife called and asked Warino to provide her with a copy of the notice to another address. (Tr. 8). Subsequently, Warino stated, he mailed a copy to the address provided by appellant's wife, 10534 Lisbon Road. (Tr. 9).

**{¶13}** Warino agreed with appellant that appellant was not a resident of the city at the Hood Drive address. (Tr. 11-12). He also testified that he did not publish a notice in any newspapers. (Tr. 12).

**{¶14}** Appellant testified the notice that was sent to Lisbon Road was sent to "Amanda Gaskins" and it was not sent by certified mail. (Tr. 13). He stated that his wife's name is "Amanda Frost" and she does not own or maintain the Hood Drive property. (Tr. 13). Appellant testified that the Lisbon Road address is a Canfield mailing address located in Green Township. (Tr. 13).

**{¶15}** Given the above evidence, the city did not issue appellant proper notice

of the citation. Appellant testified that while his mailing address is a Canfield address, it is actually located in Green Township. And Warino agreed that appellant was not a city resident at the Hood Drive address. Thus, the city should have given notice to appellant by certified mail or by publication.

**{¶16}** Appellant apparently received notice at some point. Although he takes issue with the fact that notice was sent to his wife, who does not own the Hood Drive property, and the fact that the notice was sent by regular mail, he must have received it because he appeared in the Mayor's Court to defend himself. However, this notice was too late. Warino testified that he sent the notice to Lisbon Road on the same day he dispatched crews to cut the Hood Drive grass. Thus, appellant was denied the five-day opportunity to remedy the problem himself or to object to the citation.

**{¶17}** Moreover, the city seems to admit that it did not provide notice in accordance with the ordinance. In its brief, it states that the notice "was sufficient, hypertechnicalities aside" and "any technical error by the City" cannot be considered fundamental. (Appellee's Brief p. 9).

**{¶18}** The notice ordinance sets out how notice is to be given. The city was required to technically follow its own ordinance. It failed to do so.

**{¶19}** Accordingly, appellant's first assignment of error has merit.

**{¶20}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED BY MAKING A FINDING OF GUILTY THAT WAS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.

**{¶21}** Due to the merit of appellant's first assignment of error, his second assignment of error is now moot.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby

reversed and appellant's conviction is vacated.

Vukovich, J., concurs.

Waite, P.J., concurs.